IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:20-cv-1072

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals,<br>     Plaintiff,<br><br>v.<br><br>THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and RAYMOND FARROW, in his individual and official capacity, BARBARA J. STEPHENSON, in her individual and official capacity, DANIEL LEBOLD, in his individual and official capacity, DAVID ROUTH, in his individual and official capacity, and DEBBIE DIBBERT, in her individual and official capacity,<br>     Defendants. | **PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT** |

NOW COMES Plaintiff, by and through the undersigned counsel, and moves this Court pursuant to F.R. Civ. P. 15(a) and LR 7.3(j) and 15.1 to amend her Complaint, previously amended once as of right under F.R. Civ. P 15(a)(1). In support of this Motion, Plaintiff shows the Court the following:

1. Plaintiff's original Complaint was filed December 7, 2020.

2. Plaintiff filed an Amended Complaint on December 23, 2020, to add two defendants in their individual and official capacity, David Routh and Debbie Dibbert, both employees of the University of North Carolina at Chapel Hill and with authority over the development function at the University.

- 1 -

Case 1:20-cv-01072-LCB-LPA   Document 17   Filed 05/06/21   Page 1 of 6

3. Defendants' Motion to Dismiss and Memorandum in Support was filed on April 21, 2021. Plaintiff's Response to Defendants' Motion to Dismiss and Memorandum in Support is being filed today contemporaneously with this Motion.

4. In its Memorandum, Defendants' assert that the Board of Governors (BOG) is not liable under 42 U.S.C. § 1983 for damages because it was only sued in its official capacity and is therefore not liable under *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 2309 (1989) (concluding that a State is not a "person" within the meaning of § 1983).

5. Plaintiff's Complaint did not specifically name each of the 24 current members of the BOG individually and specify they were being sued in their individual capacity in the caption of the Complaint due to their numerosity and the fact that the identity of the particular members serving at the time of Plaintiff's termination, which was the act which deprived Plaintiff of her due process rights, was not known.

6. Nor did Plaintiff's Complaint make it crystal clear that Plaintiff sought to hold the unnamed members of the BOG responsible individually for the due process deprivations by either approving or delegating the approval of the policy designating the Plaintiff and other similarly situated as exempt from the Article 8 protections of Chapter 126 in violation of N.C. Gen. Stat. § 126-5(c1)(8).

7. Because Defendants' have raised an issue about the propriety of the Plaintiff's § 1983 claim for damages against the individual members of the Board of

Governors for approving a policy (or delegating the approval of a policy) that resulted in the deprivation of due process suffered by Plaintiff and other similarly situated individuals at the sixteen constituent institutions of the University of North Carolina, Plaintiff now seeks to clarify her Complaint to eliminate any confusion or doubt that she seeks to raise this claim against the individuals members of the BOG.

8. F.R. Civ. P 15(a) provides for amendments before trial. Subsection (2) provides for "other amendments" and also provides that "[t]he court should freely give leave when justice so requires."

9. While Rule 15(a) states that "leave shall be freely given when justice so requires," leave to amend is not automatic and is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). *See also Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987), *cert. denied,* 485 U.S. 977, 108 S. Ct. 1271, 99 L. Ed. 2d 483 (1988); *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir.1984).

10. The names of the individual members of the Board of Governors as it is currently constituted are available to Plaintiff[1] and these individuals would not be prejudiced by allowing this amendment because the three year statute of

---

[1] The Board is composed of 24 individual voting members, N.C. Gen. Stat. § 116-6(a), and as of the date of this motion are listed on the Board's website as: Randy Ramsey, Wendy Floyd Murphy, Pearl Burris-Floyd, W. Louis Bissette, Jr., Kellie Hunt Blue, C. Philip Byers, Jimmy D. Clark, Carolyn Coward, N. Leo Daughtry, Joel Ford, Thomas C. Goolsby, Isaiah Green, Reginald Ronald Holley, James L. Holmes, Jr., Mark Holton, Terry Hutchens, W. Marty Kotis, III, Steven B. Long, J. Alex Mitchell, Anna Spangler Nelson, R. Doyle Parrish, Art Pope, David Powers, Temple Sloan, Dwight D. Stone, and Michael Williford.

limitation for Plaintiff's section 1983 claims against the individual members of the BOG began to run when she was discharged without due process on February 22, 2019; thus, these allegations are well within the three-year statute of limitation.

11. This District has held that reasons to deny a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shanks v. Forsyth Cty. Park Auth., Inc.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994) (quoting *Foman,* 371 U.S. at 182, 83 S. Ct. at 230). *See also Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1043 (4th Cir.1984).

12. Plaintiff has not engaged in undue delay, bad faith, and has no dilatory motive. Moreover, the motion to amend does not follow "repeated failures to cure deficiencies by amendments previously allowed," *Shanks,* 869 F. Supp. at 1238. Nor will there be any undue prejudice to any of the Defendants because the amendments are for the purpose of clarification and because the statute of limitations has not run. Likewise, because the statute of limitation has not run, the amendment is not futile.

13. Counsel for Defendants' have been consulted and oppose this motion to amend, but have agreed to waive service of process if this Motion is allowed.

For the foregoing reasons, Plaintiff respectfully requests that this Court allow Plaintiff to file a Second Amended Complaint.

Respectfully submitted, this the 6th day of May 2021.

/S/ VALERIE BATEMAN
NC State Bar: 13417
T/F 919-436-3592
FORREST FIRM, P.C.
406 Blackwell St., Suite 420
Durham, NC 27701
valerie.bateman@forrestfirm.com

/S/ RACHEL M. BLUNK
NC State Bar: 42694
T/F 336-663-1052
FORREST FIRM, P.C.
125 S Elm St., Suite 100
Greensboro, NC 27401
rachel.blunk@forrestfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF FILING AND SERVICE

This is to certify that the undersigned has this day electronically filed or caused to be filed the foregoing **MOTION TO AMEND** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel listed below:

>Kenzie Rakes
>Assistant Attorney General
>N.C. Dep't of Justice
>P.O. Box 629
>Raleigh, NC 27602-0629
>
>krakes@ncdoj.gov

This the 6th day of May 2021..

/s/     VALERIE L. BATEMAN
FORREST FIRM, P.C.
