IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:20-CV-1072

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and RAYMOND FARROW, in his individual and official capacity, BARBARA J. STEPHENSON, in her individual and official capacity, DANIEL LEBOLD, in his individual and official capacity, DAVID ROUTH, in his individual and official capacity, and DEBBIE DIBBERT, in her individual and official capacity,<br><br>Defendants. | REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

## Introduction

Defendants' opening brief made multiple arguments why Hoelzer's amended complaint should be dismissed. Hoelzer's response brief fails to overcome these points.

Hoelzer's section 1983 claim still fails for at least two reasons. First, the *Ex Parte Young* exception does not apply because Hoelzer is seeking retrospective and not prospective relief. Second, Hoelzer's claim is untimely.

1

In addition, all three of Hoelzer's claims under the Americans with Disabilities Act (ADA) fail. As an initial matter, Hoelzer appears no longer to assert a separate cause of action for failure to engage in the interactive process. Further, Hoelzer's brief admits that UNC-Chapel Hill engaged in the interactive process.

Hoelzer's claim for failure to accommodate should be dismissed for two reasons. First, Hoelzer was not qualified to perform the essential functions of her job without an accommodation. Second, Hoelzer has not alleged that there was a vacant position to which UNC-Chapel Hill refused to reassign her.

Hoelzer's response brief seems to acknowledge that she has not alleged a causal connection between her termination and her request for accommodations. To remedy this issue, Hoelzer relies on other allegedly adverse employment actions. None of these actions are included in the amended complaint as part of her retaliation claim.

Finally, Hoelzer's FMLA retaliation claim also fails. Again, Hoelzer relies on allegedly adverse employment actions that she did not allege as part of her claim.

As a result, the Court should dismiss Hoelzer's amended complaint.

**Argument**

**I.     Hoelzer Has Failed to State a Claim Under Section 1983.**

Defendants' opening brief was clear that: (1) the doctrine of sovereign immunity bars Hoelzer's section 1983 claim against UNC-Chapel Hill and the Board; and (2) UNC-Chapel Hill, the Board, and the Individual Defendants in their official capacities are not "persons" within the meaning of section 1983. Br. 10-12, ECF 15.  Hoelzer does not refute these arguments.  Resp. Br. 1-4, ECF 16.

Instead, Hoelzer asserts that with respect to the currently named Individual Defendants,[1] the *Ex Parte Young* exception saves her section 1983 claim, and that her claim against them in their individual capacities is timely.  Resp. Br. 1-4, 19.  Both of these arguments are unsuccessful.

---

[1]     In her response brief, Hoelzer claims for the first time to have named all 24 members of the Board as defendants in this matter even though they were not included in her caption, not mentioned in her complaint or amended complaint, and were never served with this lawsuit.  In an attempt to fix this problem, Hoelzer has filed a motion to amend her amended complaint to add the board members.  In her motion, Hoelzer concedes that she did not name each of the board members individually in her lawsuit and that her amended complaint was not "clear that [she] sought to hold the unnamed members of the BOG responsible individually."  Pl. Mot. to Am. Am. Compl. ¶¶ 6, 5, ECF 17.  Defendants object to this motion because it is futile, unduly burdensome, and unnecessarily harasses the board members.  Defendants will explain their opposition in their response to Hoelzer's motion.  In any event, because these individuals are not a party to this lawsuit, they have the right to raise any relevant defenses in the future if they are added as parties.

3

### A. The *Ex Parte Young* exception to section 1983 claims does not apply.

Under *Ex Parte Young*, Hoelzer can assert a section 1983 claim against the Individual Defendants in their official capacities if "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998) (analyzing *Ex Parte Young*). However, for this exception to apply, the Individual Defendants must have a "special relation" to the policy in question, which occurs when the Individual Defendants have "*proximity to* and *responsibility for* the challenged state action." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008).

Hoelzer asserts that the constitutional violation is ongoing because some unidentified policy is still in place. Resp. Br. 2. Thus, she claims to need an injunction to stop the application of this policy. Resp. Br. 2. However, this argument, which relies on an unidentified policy, fails to explain how Hoelzer is seeking only prospective relief.

Defendants' opening brief explained that UNC-Chapel Hill does not currently employ Hoelzer. Br. 7. So, any injunction requiring UNC-Chapel Hill or the Board to treat employees differently going forward does not provide Hoelzer with a remedy. Thus, Hoelzer must be seeking retrospective—not prospective—relief.

4

Furthermore, Hoelzer's claim is apparently based on the idea that the Individual Defendants "erroneously designated" her as exempt from the State Human Resources Act. Resp. Br. 3. However, there is no indication that the Individual Defendants have proximity to or are responsible for the unidentified policy that allegedly caused Hoelzer's improper classification.

For these reasons, the *Ex Party Young* exception does not apply.

### B. The face of Hoelzer's amended complaint reveals that she cannot assert a section 1983 claim against the Individual Defendants in their individual capacities.

Hoelzer argues that her section 1983 claim is timely, and that she has a protected property interest in her continued employment with UNC-Chapel Hill because she was a career state employee. Resp. Br. 15-19. Both arguments fail.

First, Hoelzer's assertion that her claim is timely because she filed it within three years of her termination is unconvincing.[2] *See* Resp. Br. 19.

Hoelzer claims that when she was terminated she was entitled to due process rights under the State Human Resources Act. Resp. Br. 16-18. However, any rights Hoelzer may have had under the State Human Resources Act were terminated when she accepted her position with UNC

---

[2] Nowhere in Hoelzer's argument does she explain why Defendants' assertion that the breach occurred in August 2016, when Hoelzer accepted a new job, is incorrect. *Compare* Resp. Br. 19 *with* Br. 14-15.

5

Global, which "was exempt from the protections of the State Human Resources Act." Am. Compl. ¶ 52, ECF 4. So, any breach must have occurred in August 2016 when she accepted her new position. Am. Compl. ¶ 52. As a result, Hoelzer's claim is untimely because December 2020 is more than three years after August 2016.

Second, Hoelzer argues that she had a protected property interest in her employment with UNC-Chapel Hill because she was an employee subject to the State Human Resources Act. Resp. Br. 16-17. This argument fails.

On the face of her amended complaint, Hoelzer admits that she knew the UNC Global position "was exempt from the protections of the State Human Resources Act." Am. Compl. ¶ 52.[3] This made Hoelzer an at-will employee who does not have a protected property interest in continued employment. Br. 15. As a result, Hoelzer has failed to plausibly allege that she had a protected property interest in continued employment.

For these reasons, Hoelzer's section 1983 claim against the Individual Defendants should be dismissed.

---

[3] Hoelzer should have timely challenged this classification if she believes that it was incorrect.

6

## II. Hoelzer Has Not Alleged Sufficient Facts to Support Any ADA Claim Against Defendants.

As explained in Defendants' opening brief, Hoelzer has asserted three claims against Defendants under the ADA: (1) failure to engage in the interactive process; (2) failure to accommodate; and (3) retaliation. Hoelzer's response brief fails to explain why any of these three claims should survive.

### A. Hoelzer has not stated a claim for failure to engage in the interactive process.

It is unclear whether Hoelzer is still pursuing an independent claim for failure to engage in the interactive process. This is because Hoelzer's response brief does not contain an independent argument in support of this claim. *See* Resp. Br. 9-13. Rather, Hoelzer's arguments about the interactive process are part of her arguments in support of her claim for failure to accommodate. Resp. Br. 9-13. Furthermore, Hoelzer's response brief contends that UNC-Chapel Hill was engaged in the interactive process with her. Resp. Br. 10, 15.

Regardless, if Hoelzer is still pursuing this claim, it should be dismissed for two reasons. First, there is no independent cause of action for failure to engage in the interactive process. Br. 17. Second, even if there were an independent claim, UNC-Chapel Hill—as Hoelzer has admitted—did engage in the interactive process. Br. 17-19; *see also* Resp. Br. 10, 15.

7

For these reasons, Hoelzer's claim for failure to engage in the interactive process should be dismissed.

**B. Hoelzer's claim for failure to accommodate should be dismiss because UNC-Chapel Hill provided her with accommodations and she was not qualified to perform the essential functions of her job.**

As explained in Defendants' opening brief, Hoelzer has not alleged facts to show that she was qualified to perform her job without a reasonable accommodation or that UNC-Chapel Hill refused to make a reasonable accommodation. Br. 19-22. Hoelzer's response brief fails to successfully counter these arguments.

First, Hoelzer claims that she was qualified to perform the essential functions of her job because she met her fundraising goals. Resp. Br. 9. This argument fails to address the substance of Defendants' argument.

Defendants relied on allegations in the amended complaint to demonstrate that Hoelzer could not perform her job functions regardless of whether she had an accommodation. Br. 20-22. Specifically, while Hoelzer was working for UNC Global, the Chancellor's Global Education Fund campaign did not go out on time regardless of whether she had an accommodation. Br. 20-22. Hoelzer has not even attempted to explain how this failure has no bearing on her claim. Resp. Br. 8-9. Thus, as explained in

8

Defendants' opening brief, Hoelzer was not qualified to perform the essential functions of her job without accommodations. Br. 19-22.

Second, the only accommodation that Hoelzer claims she was not provided with was a new job. Specifically, she claims to have plausibly alleged a cause of action for failure to accommodate because her request for a transfer within her department was denied. Resp. Br. 9-13. This argument is unsuccessful.

Reassignment to a *vacant* position may be a reasonable accommodation. 42 U.S.C. § 1211(9)(B). Hoelzer's amended complaint and brief state that she was invited to apply for other positions at UNC-Chapel Hill. Am. Compl. ¶ 133, Resp. Br. 12. However, Hoelzer appears to concede that she did not look for or apply for other positions because she did not have time. Resp. Br. 12. As a result, Hoelzer's claim should be dismissed because she has not alleged facts to show that there was a vacant position to which she could be reassigned. *See Petty v. Freightliner Corp.*, 123 F. Supp. 2d 979, 984 (W.D.N.C. 2000).

### C. Hoelzer has not stated a claim for retaliation because there is no causal connection between her termination and her request for accommodations.

In her brief, Hoelzer attempts to strengthen her ADA retaliation claim by relying on allegedly adverse employment actions that are not alleged in support of that claim. *Compare* Am. Compl. ¶¶ 139-43 *with* Resp. Br. 13-15.

9

In her amended complaint, she alleges that she was terminated in retaliation for requesting accommodations under the ADA.[4] Am. Compl. ¶¶ 139-43. There are no allegations in her retaliation claim about her negative performance review or performance improvement plan. *See* Am. Compl. ¶¶ 139-43. As a result, Hoelzer cannot now rely on these allegations to strengthen her claim.

In addition, Hoelzer appears to assert that there is a causal connection between her termination and her request for accommodations because she was terminated 10 days after UNC-Chapel Hill invited her to look for positions in other departments. Resp. Br. 15. This argument is not based on protected conduct by Hoelzer.

According to the amended complaint, the last protected activity by Hoelzer was requesting a job transfer on June 26, 2018. Am. Compl. ¶ 117. Hoelzer was terminated 8 months later in February 2019. Am. Compl. ¶ 135. A time period of 8 months between the protected activity and the adverse action is too long to adequately allege a causal connection. Br. 23.

For these reasons, Hoelzer's retaliation claim should be dismissed.

---

[4] In her brief, Hoelzer contends that "Defendants' do not dispute that Plaintiff alleged that she suffered an adverse action." Resp. Br. 13-14. Defendants' concession was limited to the adverse action of termination, which was the only adverse action alleged in the amended complaint. *See* Br. 22-23.

10

### III. Hoelzer Has Failed to Allege Facts to Plausibly Show that Defendants Retaliated Against Her for Taking FMLA Leave.

Again, Hoelzer attempts to strengthen her claim for retaliation under the FMLA by relying on allegedly adverse employment actions that are not alleged in support of that claim. *Compare* Am. Compl. ¶¶ 144-48 *with* Resp. Br. 13-15. In her amended complaint, she alleges that she was terminated because she took FMLA leave. Am. Compl. ¶¶ 144-48. There are no allegations in her claim for retaliation under the FMLA about her performance review. Am. Compl. ¶¶ 144-48. As a result, Hoelzer cannot rely on this allegation for the first time in response to the motion to dismiss to support her claim.

As explained in the opening brief, Hoelzer was terminated 8 months after she returned to work from FMLA leave. Br. 26. A time period of 8 months between the protected activity and the adverse action is too long to allege a causal connection. Br. 26. As a result, the Court should dismiss Hoelzer's claim for retaliation under the FMLA.

### Conclusion

For these reasons, Hoelzer's entire amended complaint should be dismissed.

This 20th day of May, 2021.

>JOSHUA H. STEIN
>Attorney General
>
> /s/ Kenzie M. Rakes
>Kenzie M. Rakes
>Assistant Attorney General
>NC State Bar No. 46349
>krakes@ncdoj.gov
>
>North Carolina Department of Justice
>PO Box 629
>Raleigh, NC  27602
>Tel: 919-716-6920
>Fax: 919-716-6764
>
>*Attorney for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I certify that, in accordance with Rule 7.3(d)(1) of the Local Civil Rules of Practice and Procedure, the attached brief (excluding the parts excluded by rule) contains fewer than 3125 words.

This 20th day of May, 2021.

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel, Valerie Bateman (Valerie.bateman@forrestfirm.com) and Rachel M. Blunk (Rachel.blunk@forrestfirm.com).

This 20th day of May, 2021.

      /s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General