IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:20-CV-1072

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and RAYMOND FARROW, in his individual and official capacity, BARBARA J. STEPHENSON, in her individual and official capacity, DANIEL LEBOLD, in his individual and official capacity, DAVID ROUTH, in his individual and official capacity, and DEBBIE DIBBERT, in her individual and official capacity,<br><br>Defendants. | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT** |

Defendants oppose Hoelzer's motion to amend her amended complaint to add additional parties. In support of their opposition, Defendants show the following:

1. Hoelzer has filed a motion under rule 15(a) of the Federal Rules of Civil Procedure for leave to add the current members of the Board of Governors of the University of North Carolina as individual defendants to this matter.

1

2. This motion should be denied because a previous amendment failed to fix this issue, this motion was not promptly filed, the requested amendment is futile, and the amendment is unduly prejudicial. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing these and other factors courts consider to grant a motion to amend).

3. Hoelzer's complaint, filed on December 1, 2020, named the Board of Governors of the University of North Carolina as a defendant (along with the University of North Carolina at Chapel Hill and several individual defendants in both their individual and official capacities). In her complaint, Hoelzer was clear that she was suing the Board only in its role as "a body politic and corporate, an entity of the State of North Carolina, . . . capable of suing and being sued." Compl. ¶ 6, ECF 1.

4. On December 23, 2020, Hoelzer amended her complaint to add two defendants in their official and individual capacities. The fact that she named defendants in both capacities in her original and amended complaints demonstrates that Hoelzer knows how to sue individuals in their official and individual capacities. Yet, she did not take this opportunity to sue the members of the Board in their individual capacities or state her intent to sue them in their individual capacities.

5. Hoelzer explains her failure by asserting that she did not include the names of the members "due to their numerosity and the fact that the

2

identity of the particular members serving at the time of [Hoelzer's] termination . . . was not known."[1] Mot. to Am. Am. Compl. ¶ 5, ECF 17. If Hoelzer really wanted to name the Board members individually, but did not know their identity, then she could have included placeholder defendants.

6. She did not do this. As a result, her failure to include the members in their individual capacity while including the Board as a defendant looks like a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014) (quoting *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010)).

7. Because Hoelzer's prior amendment to add parties did not correct this issue and she has failed to explain her almost four month delay in filing this motion, the Court should deny her motion.

8. Furthermore, this amendment is futile and would be prejudicial for at least five reasons.

9. First, Hoelzer's claim is barred by the statute of limitations. Here, Hoelzer claims that Defendants breached a contract with her when she was "discharged without due process and without just cause." Resp. Br. 19,

---

[1] This excuse also falls flat because Hoelzer now seeks to add the current members of the Board, not the members at the time of her termination. Mot. to. Am. Am. Compl. ¶ 10.

3

ECF 16. Hoelzer's claim relies on the assertion that she is a career state employee entitled to protections under the State Human Resources Act. Resp. Br. 15-18. However, any rights Hoelzer may have had under the State Human Resources Act were terminated when she accepted her position with UNC Global, which "was exempt from the protections of the State Human Resources Act." Am. Compl. ¶ 52, ECF 4. Therefore, any breach must have occurred in August 2016 when she accepted her new position. Am. Compl. ¶ 52.

10. Accordingly, Hoelzer had three years from August 2016 to file her claim for breach of contract. Br. 13-14, ECF 15; Resp. Br. 18. As a result, Hoelzer's December 2020 claim is untimely.

11. Second, according to Hoelzer's own motion and previous filings, she is currently attempting to add the wrong parties. In her motion, Hoelzer claims that the relevant members of the Board were the members serving at the time of her termination. Mot. to Am. Am. Compl. ¶ 5. However, Hoelzer is seeking permission to add the "individual members of the Board of Governors as it is currently constituted." *Id.* ¶ 10. Thus, this amendment is futile and prejudicial because according to Hoelzer's own motion, she is not even seeking to add the parties she has identified as allegedly responsible for her purported injury.

12. Third, for Hoelzer to sue the individual board members, the *Ex Parte Young* exception to section 1983 claims must apply. For this exception to apply, a defendant must have a "special relation" to the policy in question, which occurs when the defendant has "*proximity to* and *responsibility for* the challenged state action." *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 333 (4th Cir. 2008). Nothing in Hoelzer's motion indicates that the current members of the Board or the members of the Board at the time of Hoelzer's termination had proximity to or responsibility for the unidentified policy that allegedly caused her harm. Thus, Hoelzer has not shown that she can even assert a claim against the individual board members.

13. Fourth, this amendment would be futile because only the Board as an official entity can vote to approve, amend, or withdraw a policy. The individual members of the Board in their individual capacities cannot take actions that bind the Board. Specifically:

> Scope of Authority. Board members' authority is collective, not individual, and only arises from their participation with other members of the board when officially convened. Individual board members hold no inherent authority under applicable law or University policy to exercise administrative or executive functions on behalf of their institution. Individual board members may not bind the board or the institution, enter into contracts on behalf of the board or the institution, or otherwise act on behalf of or in the name of the board or institution unless clearly authorized to do so in a particular matter by the board itself or the chief executive officer of the institution.

UNC Policy Manual 200.7(III)(C) (attached as Exhibit A).

5

14. Thus, the individual members of the Board do not have the authority to approve the policy or delegate the approval of the policy "that resulted in the deprivation of due process suffered by Plaintiff." Mot. to Am. Am. Compl. ¶ 7. As a result, Hoelzer's proposed amendment is legally insufficient because the individual board members cannot provide Hoelzer with the relief she is seeking. *See* 6 Arthur R. Miller *et al.*, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2021) (an amendment is futile if it is legally insufficient).

15. Fifth, the purpose of this amendment must be to harass the current members of the Board. As explained above, the current members of the Board are not even the correct parties according to Hoelzer's motion. Thus, Hoelzer is asking the Court to make 24 public servants, who did not cause Hoelzer damage, parties to this lawsuit, and require them to defend this lawsuit, even though they cannot provide her with the relief she seeks. Therefore, the purpose of this motion must be to harass these 24 public servants in an effort to gain some perceived advantage.

16. Under these circumstances, Hoelzer does not appear to have a legitimate reason to add the current members of the Board to this lawsuit.

17. For these reasons, the Court should deny Hoelzer's motion because it is the product of undue delay, is futile, and is prejudicial to the parties she seeks to add.

This 27th day of May, 2021.

                      JOSHUA H. STEIN
                      Attorney General

                      /s/ Kenzie M. Rakes
                      Kenzie M. Rakes
                      Assistant Attorney General
                      NC State Bar No. 46349
                      krakes@ncdoj.gov

                      North Carolina Department of Justice
                      PO Box 629
                      Raleigh, NC  27602
                      Tel: 919-716-6920
                      Fax: 919-716-6764

                      *Attorney for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel, Valerie Bateman (Valerie.bateman@forrestfirm.com) and Rachel M. Blunk (Rachel.blunk@forrestfirm.com).

This 27th day of May, 2021.

    /s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General