The UNC Policy Manual
200.7
Adopted 04/10/15
Amended 10/22/20

**Policy on Duties, Responsibilities, and Expectations of Board Members**

I.  Applicability and Purpose. This policy sets forth the duties, responsibilities, expectations, and standards of conduct for members of the Board of Governors of the University of North Carolina (UNC) System, the boards of trustees of the constituent institutions, and the boards of University-affiliated organizations where membership includes individuals appointed by the Board of Governors.

II.  Definitions. For purposes of this policy:

   A.   "Board" means the Board of Governors, a board of trustees of a constituent institution of the UNC System, or a board of a University-affiliated organization with members appointed by the Board of Governors.

   B.   "Board member" means any member of the Board of Governors, a board of trustees of a constituent institution of the UNC System, or the board of a University-affiliated organization.

   C.   "Institution" means the UNC System or a constituent institution of the UNC System.

   D.   "University-affiliated organization" means an institution or organization that the Board of Governors is authorized to establish or to which it is authorized to appoint board members pursuant to statute, but does not include associated entities covered by Section 600.2.5.2[R] of the UNC Policy Manual or centers or institutes covered by Section 400.5[R] of the UNC Policy Manual.

III.  Duties and Responsibilities. Board members are responsible for performing essential functions that are central to the governance of the University, as described in Chapter 116 of the North Carolina General Statutes, *The Code* of the University of North Carolina, the UNC Policy Manual, and the policies and by-laws of the constituent institutions. Board members shall adhere to the standards of conduct and fulfill duties and expectations set forth in this policy.

   A.   Attendance. Board members shall attend board meetings. If a member of the Board of Governors is, for any reason other than ill health or service in the interest of the State or nation, absent for four (4) successive regular meetings of the Board, his or her place as a board member shall be deemed vacant.[1] If a member of a board of trustees of a constituent institution is, for any reason other than ill health or service in the interest of the State or nation, absent for three (3) successive regular meetings of a board of trustees, his or her place as a board member shall be deemed vacant.[2]

   B.   Participation in Policy and Oversight Functions. Board members are expected to prepare for meetings; actively contribute to the work of the board; and act in accordance with the governance, oversight, and advisory functions allocated to the board by:

Page 1 of 6

1.  Reviewing and inquiring about materials that involve the institution or University-affiliated organization, such as board minutes and annual reports;

2.  Understanding and participating appropriately in the oversight function allocated to the board with respect to the finances and effectiveness of the institution or University-affiliated organization;

3.  Seeking information from and consulting appropriately with the chief executive officer of the institution or University-affiliated organization to gain additional context, make well-informed policy decisions, and carry out responsibilities for board-level oversight and monitoring of the affairs of the institution or University-affiliated organization;

4.  Participating as requested in the preparation and revision of long-range plans for the institution or University-affiliated organization;

5.  Serving on and contributing to the work of assigned committees; and

6.  Listening to and considering differing opinions, and otherwise making reasonable efforts to conduct oneself in accordance with the practices and customs of formality and decorum articulated in Robert's Rules of Order.[3]

C.  Scope of Authority. Board members' authority is collective, not individual, and only arises from their participation with other members of the board when officially convened. Individual board members hold no inherent authority under applicable law or University policy to exercise administrative or executive functions on behalf of their institution. Individual board members may not bind the board or the institution, enter into contracts on behalf of the board or the institution, or otherwise act on behalf of or in the name of the board or institution unless clearly authorized to do so in a particular matter by the board itself or the chief executive officer of the institution. Accordingly, and by way of example, board members shall:

1.  Refer matters of administration and management to the chief executive officer of the institution or University-affiliated organization for handling;

2.  Respect and follow executive leadership, management, and reporting lines when communicating with and seeking information from the University and the constituent institutions;

3.  Refrain from directing matters of administration or executive action except through the chief executive officer of the institution or University-affiliated organization; and

4.  Not undertake reviews, background checks, investigations, or any other assessments of University employees or candidates for University employment unless duly and explicitly directed to do so by the president, by the chief executive officer of the employing institution, or by the Board of Governors. Nothing in this provision is intended

to limit a board member from taking appropriate steps to prepare for meetings, consistent with the duties and responsibilities articulated in section III.B., above.

D.     Ethical Conduct.  Board members shall adhere to high standards of ethical conduct by complying with laws, regulations, and University policies applicable to their service as board members and public officials, which include the obligations to:

1.     Exercise authority honestly and fairly, free from impropriety, threats, favoritism, and undue influence, as required by the State Ethics Act.[4]

2.     Keep confidential all information and records that are required by law to be kept confidential, including, but not limited to, personnel records and information, student records and information, attorney-client communications, and closed session deliberations and information;

3.     Comply with North Carolina open meetings law by conducting hearings, deliberations, and actions of these bodies openly, except when permitted or required to a closed session

4.     Comply with applicable public records laws by permitting open access to and inspection of public records in the member's custody, including records created, sent, or received by Board members entirely on non-University accounts or devices, as required by law;

5.     Bring matters of concern, potential or real conflicts of interest, and reports of unlawful and/or noncompliant activity to the attention of the appropriate institutional or organizational officer, such as the president, chancellor, board chair, or committee chair;

6.     Avoid any personal or business interest that may conflict with the member's responsibilities to the institution or University-affiliated organization;

7.     Avoid even the appearance of impropriety when conducting the institution's or University-affiliated organization's business;

8.     Recuse oneself from consideration of matters during meetings when required;

9.     Conduct oneself at all times in accordance with the University's prohibition about all forms of illegal discrimination or harassment;

10.    Not engage in acts of fraud or other violations of law inconsistent with the ethical expectations of a public official;

11.    Not act as a registered lobbyist on behalf of any lobbyist principal in any matter or issue that is adverse to the interests of the UNC System, a constituent institution, or a University-affiliated organization; and

    12.    Not represent, as a practicing attorney, any party in a matter in which the party's interest is adverse to the interests of the UNC System, a constituent institution, or a University-affiliated organization. For purposes of this restriction, members are not generally prohibited from acting as criminal defense counsel to students and employees in criminal prosecution matters.

E.    Fiduciary Responsibilities and Support for the Institution. Board members shall discharge their duties to the institution with care, skill, prudence, and diligence by:

    1.    Exercising the degree of diligence, care, and skill that a prudent individual familiar with such matters would use under similar circumstances in a like position;

    2.    Acting in good faith with the best interest of the institution or University-affiliated organization in mind;

    3.    Conducting oneself, at all times, in furtherance of the institution's or University-affiliated organization's goals and not the member's personal or business interests;

    4.    Providing oversight to ensure that the institution's or University-affiliated organization's resources are dedicated to the fulfillment of its mission; and

    5.    Becoming knowledgeable about issues that affect the University and seeking to understand the educational needs and desires of all the State's citizens, and their economic, geographic, political, racial, gender, and ethnic diversity.[5]

IV.    Sanctions. A board member may be removed, recommended for removal, or subject to a lesser sanction for any material violation of the duties, responsibilities, and expectations of board members set forth in Section III of this policy. Any sanction shall require an affirmative vote of two-thirds (2/3) of the voting membership of the Board of Governors or board of trustees then in office.

    A.    Removal of a Member of a Board of Trustees or University-affiliated Organization. The Board of Governors may remove from the board of trustees of a constituent institution or from the board of a University-affiliated organization a board member who was elected by the Board of Governors. With respect to a member of a board of trustees who was appointed by a different appointing authority, the Board of Governors may vote to recommend to the appointing authority that the member be removed.

    B.    Removal of a Member of the Board of Governors. The Board of Governors may recommend to the State House of Representatives or State Senate, whichever chamber elected the member, that a member of the Board of Governors be removed.

    C.    Other Sanctions. A board member, regardless of their appointing authority, may be subject to other sanctions lesser than removal (ex: public censure, suspension of voting rights, removal of committee assignments).

    D.    Complaints.

1. Complaints against a board member may be made to the chair of the Committee on University Governance.

2. Upon receipt of a complaint, the chair of the Committee on University Governance shall determine whether, assuming all of the facts alleged are true, the complaint alleges a material violation of the duties, responsibilities, and expectations of board members. If the complaint does not meet this threshold, the chair of the Committee on University Governance may dismiss the complaint and shall report the dismissal to the Committee on University Governance.

3. If the complaint is against a member of a board of trustees or University-affiliated organization, then the Committee on University Governance may retain the complaint for review and adjudication by the Governance Committee under section F, or it may direct the complaint to the board of trustees with directions for appropriate action. The committee's determination should be based on the allegations of the complaint, the board of trustee's capacity to review the complaint, and all other relevant circumstances.

4. The chair of the committee may, after consultation with the membership of the Committee, refer the complaint to the State Ethics Commission.

E. Interim Sanctions

1. A board member may be subject to an interim sanction(s) for an alleged material violation of the duties, responsibilities, and expectations of board members prior to review and adjudication of a complaint. Interim sanctions should be temporary in duration, and should balance the severity of the interim sanction against the severity of the alleged violation. Removal of a board member shall not be issued as an interim sanction.

2. The Committee on University Governance may recommend to the Board of Governors an interim sanction against a member of the Board of Governors that the committee deems appropriate. The Committee on University Governance may recommend interim sanction(s) against a member of a board of trustees or University-affiliated organization as part of the committee's referral of a complaint to a board of trustees with directions for appropriate action.

3. Any interim sanction shall require an affirmative vote of two-thirds (2/3) of the voting membership of the Board of Governors or board of trustees then in office.

F. Procedure for Sanctions; Specification of Cause; Notice and Opportunity to Respond.

1. The chair of the Committee on University Governance shall send the respondent a written specification of the complaint(s) against the board member. In the event that the chair of the Committee on University Governance is the subject of the board's consideration, the vice chair of the Committee on University Governance will temporarily serve in the chair's role. The notice shall state that the board member may submit a

written response to the chair of the Committee on University Governance and the complaining board member within five (5) business days of receipt of the written notice.

2. If the board member submits no written response to the chair of the Committee on University Governance within the specified timeframe, the Committee on University Governance may proceed to consider the complaint.

3. In its consideration of each matter, the Committee on University Governance shall ensure that all material facts are presented to the committee. The committee may select one or more committee members or another qualified individual to investigate the allegations and provide the committee with factual findings and a recommendation. The committee may review any documents it considers necessary based on the particular circumstances involved.

4. Following the deadline for the respondent's written response and the conclusion of any investigation, the Committee on University Governance shall conduct a hearing to consider the complaint against the board member. The chair of the Committee on University Governance shall preside over the hearing, which shall include a full and accurate presentation of all relevant facts. During this hearing, the respondent member shall be permitted to be heard.

5. At the conclusion of the hearing, the Committee on University Governance shall assess the evidence presented using a preponderance of the evidence standard and recommend to the Board of Governors findings and action that the committee deems appropriate.

V. Other Matters

A. Effective Date. The requirements of this policy shall be effective on the date of adoption by the Board of Governors.

B. Relation to State Laws. The foregoing policies as adopted by the Board of Governors are meant to supplement, and do not purport to supplant or modify, those statutory enactments which may govern the activities of public officials.

C. Regulations and Guidelines. These policies shall be implemented and applied in accordance with such regulations and guidelines as may be adopted from time to time by the president.

---

[1] .G.S. 116-7(c).
[2] .G.S. 116-31(j).
[3] Section 202 C(4) of *The Code*.
[4] G.S. 138A-2.
[5] G.S. 116-7.