IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:20-CV-1072

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and RAYMOND FARROW, in his individual and official capacity, BARBARA J. STEPHENSON, in her individual and official capacity, DANIEL LEBOLD, in his individual and official capacity, DAVID ROUTH, in his individual and official capacity, and DEBBIE DIBBERT, in her individual and official capacity,<br><br>Defendants. | BRIEF IN SUPPORT OF DEFENDANT'S CONSENT MOTION TO STAY PENDING A RULING ON THE MOTION FOR JUDGMENT ON THE PLEADINGS |

## Introduction

A court should resolve whether a public official has violated a clearly established law before the start of discovery.

Defendant Daniel Lebold has filed a motion for judgment on the pleadings that argues that he is entitled to qualified immunity because he has not violated a clearly established law. As a result, the Court should rule

1

on whether Lebold violated a clearly established law before the commencement of discovery.

## Statement of the Case

On December 1, 2020, Hoelzer filed a complaint against the Board of Governors of the University of North Carolina, UNC-Chapel Hill, Raymond Farrow, Barbara Stephenson, and Daniel Lebold. Compl. p 1, ECF 1. The Individual Defendants were all sued in their individual and official capacities. The complaint asserts five causes of action against all Defendants:

1. Discrimination Based on Disability—Failure to Engage in the Interactive Process;

2. Discrimination Based on Disability—Failure to Accommodate;

3. Retaliation—For Requesting a Reasonable Accommodation Under the ADA;

4. FMLA Violation—Retaliation; and

5. 42 U.S.C. § 1983—Deprivation of Due Process.

Compl. pp 25-27.

Twenty-two days later, Hoelzer amended her complaint to add David Routh and Debbie Dibbert as defendants. Am. Compl. p 1, ECF 4. These individual defendants were also sued in their individual and official capacities. The causes of actions in the amended complaint are the same as the ones in the complaint.

All Defendants moved to dismiss Hoelzer's amended complaint. Mot. to Dismiss, ECF 14. The Court dismissed all of Hoelzer's claims except for her section 1983 claim against Lebold in his individual capacity. ECF 24. Lebold answered Hoelzer's amended complaint. Answer, ECF 25.

Lebold has filed a motion for judgment on the pleadings that argues he is entitled to qualified immunity. Mot. for J. on Pleadings, ECF 27. Hoelzer has filed a motion for class certification. Mot. to Certify Class, ECF 29.

## Summary of the Facts

The only claim currently pending is a section 1983 claim against Lebold. ECF 24 p 34. Lebold has filed a motion for judgment on the pleadings. ECF 27. In support of his motion, Lebold argues that it is not clearly established that terminating Holezer violates her due process rights. ECF 28 pp 5-8. If the Court rules in Lebold's favor, then this lawsuit will end.

Hoelzer has filed a motion for class certification. ECF 29. Hoelzer argues that the class should consist of "all former employees of any constituent institution of the University of North Carolina who were informed that they were exempt from the due process protections of N.C. G.S., Ch. 126." ECF 29 p 1 n.1. While Lebold opposes this motion, the Court's ruling will affect the scope of discovery.

3

## Question Presented

I. Should the Court stay discovery pending a ruling on Lebold's motion for judgment on the pleadings?

## Argument

As this Court is aware, it has "broad discretion to stay proceedings" due to "its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). Furthermore, under Rule 26 of the Federal Rules of Civil Procedure a court can stay discovery if there is a showing of good cause. *See* Rule 26(c)(1)(A); *Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 505 (4th Cir. 1999) (affirming stay pending resolution of 12(b)(6) motion).

A stay under these circumstances is appropriate when: (1) the dispositive motion may terminate all the claims in the case or all the claims against particular defendants; (2) there is strong support for the dispositive motion on the merits, and (3) discovery has no bearing on the outcome of the dispositive motion. *Tilley v. United States*, 270 F. Supp. 2d 731, 734-35 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir. Jan. 2004), *cert. denied*, 543 U.S. 819 (2004).

Here, there is good cause to stay discovery until the Court rules on the motion for judgment on the pleadings for four reasons.

4

First, Lebold's motion argues that he is entitled to qualified immunity because he did not violate a clearly established law. A defendant is entitled to a determination of whether he violated a clearly established law "before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Second, a decision on the motion for judgment on the pleadings may resolve the entire case. If this case is dismissed, then the time and effort of discovery would have been wasted. *See Kennedy v. Federal Nat. Mortg. Ass'n*, No. 4:13-CV-203-F, 2013 WL 5885154 (E.D.N.C. Oct. 31, 2013).

Third, there is strong support for Lebold's motion. There are two competing legal principles at issue in this case: (1) that a career State employee has a protected property interest in continued employment; and (2) that an exempt State employee lacks a protected property interest in continued employment. *See* ECF 28 p 6. At the time Lebold terminated Hoelzer, she was considered an exempt State employee. Am. Compl. ¶ 52. Thus, there was no reason for Lebold to think he was violating her due process rights.

Finally, discovery will not change the outcome of the Court's ruling on the motion for judgment on the pleadings. The motion deals with a legal question, whether Lebold violated a clearly established law when he terminated Hoelzer, who was classified as an exempt State employee the

entire time she worked for Lebold. Discovery will not alter the ruling on this issue.

For these reasons, there is good cause to stay discovery.

## Conclusion

Lebold request that the Court stay discovery until its ruling on his motion for judgment on the pleadings.

This 9th day of May, 2022.

JOSHUA H. STEIN
Attorney General

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
NC State Bar No. 46349
krakes@ncdoj.gov

North Carolina Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764

*Attorney for Defendants*

6

Case 1:20-cv-01072-LCB-LPA   Document 33   Filed 05/09/22   Page 6 of 8

## CERTIFICATE OF COMPLIANCE

I certify that, in accordance with Rule 7.3(d)(1) of the Local Civil Rules of Practice and Procedure, the attached brief (excluding the parts excluded by rule) contains fewer than 6250 words.

This 9th day of May, 2022.

/s/ Kenzie M. Rakes<br>
Kenzie M. Rakes<br>
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **BRIEF IN SUPPORT OF DEFENDANT'S CONSENT MOTION TO STAY PENDING A RULING ON THE MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel, Valerie Bateman (valerie@newsouthlawfirm.com).

This 9th day of May, 2022.

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General