IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:20-CV-1072

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA, THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL and RAYMOND FARROW, in his individual and official capacity, BARBARA J. STEPHENSON, in her individual and official capacity, DANIEL LEBOLD, in his individual and official capacity, DAVID ROUTH, in his individual and official capacity, and DEBBIE DIBBERT, in her individual and official capacity,<br><br>Defendants. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## Introduction

This case involves two competing legal principles that are clearly established: (1) that career State employees have a protected property interest in continued employment; and (2) that exempt State employees do not have a protected property interest in continued employment.

Martha Hoelzer argues that her supervisor Daniel Lebold should have known that he could not terminate her because she was a career State

1

employee. Yet, she also admits that she was notified that her position was exempt from the State Human Resources Act. Under these circumstances, as explained in Lebold's opening brief, a reasonable official would not think Hoelzer had a due process right in continued employment.

Hoelzer's brief fails to refute this argument. While she cites multiple cases that confirm that career State employees have a protected property interest in continued employment, none of those cases demonstrate that Hoelzer should have been treated as a career State employee.

For these reasons, Lebold is entitled to qualified immunity.

## Argument

### Lebold is entitled to qualified immunity.

Lebold's opening brief explained that he is entitled to qualified immunity if the legal principle at issue is not clearly established. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). He defined the specific legal question in the context of this case as:

- Was it clearly established, under the circumstances faced by Lebold, that terminating an exempt State employee would violate the employee's due process right in continued employment simply because the employee had worked for him for approximately 30 months?

ECF 28 at 5-6. The answer to this question is no.

At best, Hoelzer makes four arguments to advocate for a different answer. All four arguments fail.

First, Hoelzer claims that Lebold's argument should not focus on her job classification. This argument overlooks precedent that requires qualified immunity arguments to focus on the specific circumstances the defendant faced.

Second, Hoelzer contends that the key legal question is whether she was a career State employee at the time of her termination. Again, this argument does not focus on the specific circumstances Lebold faced.

Third, Hoelzer asserts that the UNC Policy Manual is not properly before the Court. It is. The Policy Manual is integral to Hoelzer's amended complaint. In addition, Lebold's qualified immunity argument prevails even if the Court does not consider the Policy Manual because Hoelzer never challenged her exempt designation.

Finally, Hoelzer claims that the Policy Manual does not apply to her position. Again, irrespective of the Policy Manual, Lebold is entitled to qualified immunity because Hoelzer never challenged her exempt designation.

As a result, Hoelzer's amended complaint should be dismissed.

### A. Under the circumstances Lebold faced, it was not clear that terminating Hoelzer would violate her due process right in continued employment.

Hoelzer asserts that Lebold's argument should not focus on her misclassification as an exempt State employee because that "encourage[s] wanton misclassification of employees as exempt." ECF 34 at 8. This argument is antagonistic to binding precedent interpreting qualified immunity, and overlooks the procedural safeguard in section 126-5.

As the Fourth Circuit has explained, a court should evaluate "whether a right is clearly established" in the "specific context of the case, not as a broad general proposition." *Adams v. Ferguson*, 884 F.3d 219, 227 (4th Cir. 2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). For Lebold, that means evaluating whether he knew he was violating Hoelzer's rights when he terminated her. The answer to this question is no.

Hoelzer agrees that exempt State employees do not have a protected property interest in continued employment. ECF 34 at 6, 16. Hoelzer also admits that her position was exempt from the State Human Resources Act. ECF 4 ¶ 52. Thus, there was no reason for Lebold to think he was violating Hoelzer's due process rights to continued employment when he terminated her.

In addition, the fact that exempt State employees are not provided with the due process afforded career State employees will not encourage "wanton misclassification of employees" as Hoelzer suggests. ECF 34 at 8.

The statute that exempts some employees from the protections of the State Human Resources Act allows employees to challenge their exemption. N.C. Gen. Stat. § 126-5(h); *see also Vincoli v. State*, 250 N.C. App. 269, 276-78, 792 S.E.2d 813, 817-19 (2016) (interpreting section 126-5(h)). Specifically, if there is a dispute "as to whether an employee is subject to the provisions of this Chapter, the dispute shall be resolved as provided in Article 3 of Chapter 150B." N.C. Gen. Stat. § 126-5(h). Thus, the State has encouraged the proper classification of employees by ensuring that employees have the right to challenge any designation that might be improper.

Given established case law and Hoelzer's ability to challenge her exempt designation, it was unclear at the time of her termination that she had a protected property interest in continued employment.

### B. The relevant legal question must focus on the specific circumstances Lebold faced.

Hoelzer implies that Lebold has misidentified the relevant legal question. She contends "[t]he only question raised by Defendants' motion for judgment on the pleadings is whether [Hoelzer] was a career State employee at the time of her termination." ECF 34 at 14. Even under *Ridpath v. Board*

5

*of Governors Marshall University*, the case Hoelzer relies on, that is not the correct question. 447 F.3d 292, 307 (4th Cir. 2006).

To paraphrase *Ridpath*, the question is "whether, at the time of [Lebold's] alleged conduct, [Hoelzer's] right [to continued employment] was a clearly established one of which a reasonable person would have known." *Id.* The answer is no.

This case involves two clearly established legal principles: (1) that career State employees have a protected property interest in continued employment, and (2) that exempt State employees do not have a protected property interest in continued employment. ECF 24 at 13-14; *Wang v. UNC-CH Sch. of Med.*, 216 N.C. App. 185, 202, 716 S.E.2d 646, 657 (2011).

Hoelzer admits that she was classified as an exempt State employee. ECF 4 ¶ 52; ECF 34 at 2-3. Yet, in an effort to avoid the logical conclusion that she does not have a protected property interest in continued employment, she claims Lebold should have known that she was misclassified because her job is not specifically listed in section 126-5. ECF 34 at 7-8.

Section 126-5 does not list jobs, but job categories. As explained in Lebold's opening brief, section 126-5(c1)(9), section 116-11(5), and UNC Policy Manual section 300.1.2 all establish that fundraising positions are exempt from the provisions of the State Human Resources Act. ECF 28 at 6-

6

7. Hoelzer's "position was that of a fundraiser." ECF 34 at 14. Thus, she was an exempt State employee. *See also* ECF 34 at 2-3.

To avoid this sound conclusion, Hoelzer claims that there was no mutual understanding between the parties that she was an exempt State employee. ECF 34 at 17. This assertion is illogical.

In the amended complaint, Hoelzer alleges "she was told that she was exempt from the protections of the State Human Resources Act." ECF 4 ¶ 52; *see also* ECF 4 ¶150. Lebold admits, upon information and belief, that Hoelzer was told she was an exempt employee. ECF 25 ¶ 52. Thus, there must have been some mutual understanding between the parties that Hoelzer was an exempt State employee.

As an exempt State employee, Hoelzer did not have a protected property interest in continued employment.

C. **The UNC Policy Manual is properly before the Court.**

Hoelzer claims that the Court cannot properly consider the UNC Policy Manual under Rule 12(d) of the Federal Rules of Civil Procedure. ECF 34 at 18-19. This argument fails for three reasons.

First, the Court can consider written instruments attached to the pleadings or motions if the instrument is integral to the complaint and the authenticity of the document is unchallenged. *Thomasson v. Greensboro News*

7

*& Record, Inc.*, No. 1:19-CV-1164, 2020 WL 5821045, at *2 (M.D.N.C. Sept. 30, 2020); *see also Li Che v. Hsien Cheng Chang*, No. CV PX 16-2665, 2017 WL 3383038, at *6 (D. Md. Aug. 7, 2017).

While the specific term "Policy Manual" is not used, both the amended complaint and answer refer to policies created by the Board of Governors. Paragraph 7 of the amended complaint alleges that "the Board of Governors is responsible for the . . . governance of all affairs of the constituent institutions, which includes control over the approval of policies and designations related to the status of employees." ECF 4 ¶ 7. Lebold answered that "it is admitted that the Board of Governors has policies related to the classification of employees." ECF 25 ¶ 7.

Given that Hoelzer has described her lawsuit as being about the proper classification of employees, the policy related to the classification of employees must be integral to her amended complaint. *See* ECF 34 at 4-9. That is the policy attached to Lebold's motion. Because the section of the Policy Manual attached to Lebold's motion is integral to the amended complaint and Hoelzer has not challenged the authenticity of the document, the Court can consider the Policy Manual. *See Thomasson*, 2020 WL 5821045, at *2.

Second, even if the Policy Manual is not integral to the amended complaint, the Court can still consider it.

8

A citation to the Policy Manual is substantially similar to a citation to the North Carolina Administrative Code. The University of North Carolina is exempt from the rulemaking requirements of the Administrative Procedure Act. N.C. Gen. Stat. § 150B-1(f). So, the Administrative Code does not contain rules related to UNC. Rather, the rules that apply to UNC are found in its Policy Manual. Thus, attaching the section of the Policy Manual is like citing to the administrative code. *See Nix v. Fulton Lodge No. 2 of Int'l Ass'n of Machinists & Aerospace Workers*, 452 F.2d 794, 797-98 (5th Cir. 1971) (holding that copies of court opinions are not matters outside the pleadings).

Finally, even if the Court chooses not to consider the policy manual, Lebold's argument would still prevail.

As explained above, under section 126-5(h) Hoelzer had the ability to challenge her exempt designation. However, Hoelzer has not alleged that she ever challenged her exempt designation. *See* ECF 4. In fact, she admits that she was exempt at the time she was hired and was still considered exempt when she was terminated. ECF 34 at 2-3. Further, she agrees that exempt State employees do not have a protected property interest in continued employment. ECF 34 at 6.

Under these circumstances, a reasonable person would not have thought that terminating Hoelzer would violate her right in continued employment. Thus, even if the Court does not consider the UNC Policy

Manual, Lebold's termination of Hoelzer did not violate a clearly established right.

**D.  Lebold is entitled to qualified immunity, regardless of whether section 300.1.2 of the UNC Policy Manual applies to Hoelzer's position.**

Hoelzer argues that the facts do not show that section 300.1.2 of the Policy Manual applies to her position. ECF 34 at 19-20. This argument strengthens Lebold's position that he is entitled to qualified immunity for two reasons.

First, Hoelzer's statutory construction argument supports Lebold's assertion that he did not have fair warning that terminating Hoelzer was unconstitutional.

To recap, qualified immunity protects Lebold if a reasonable official would not have understood that what he was doing violates a clearly established legal principal. *al-Kidd*, 563 U.S. at 741. Hoelzer argues, without citation to case law, that her position is not included in the exempt category "senior academic and administrative officers." ECF 34 at 19-20. The fact that Hoelzer is unable to identify any law resolving this issue bolsters Lebold's position that it was unclear at the time he terminated Hoelzer that she was entitled to due process.

Second, as explained above, even if the Court does not consider the Policy Manual, Lebold's argument still prevails.

Hoelzer could have challenged her exempt designation. N.C. Gen. Stat. § 126-5(h). Yet, she has admitted that at the time she was hired and at the time she was fired she was considered an exempt State employee. ECF 34 at 2-3. There are no allegations that she ever challenged this designation. *See* ECF 4. Given that exempt State employees do not have a protected property interest in continued employment, a reasonable official would not think terminating Hoelzer violated her right to continued employment.

## Conclusion

Hoelzer's amended complaint should be dismissed because Lebold is entitled to qualified immunity.

This 31st day of May, 2022.

        JOSHUA H. STEIN
        Attorney General

        /s/ Kenzie M. Rakes
        Kenzie M. Rakes
        Assistant Attorney General
        NC State Bar No. 46349
        krakes@ncdoj.gov

        North Carolina Department of Justice
        PO Box 629
        Raleigh, NC 27602
        Tel: 919-716-6920
        Fax: 919-716-6764

        *Attorney for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I certify that, in accordance with Rule 7.3(d)(1) of the Local Civil Rules of Practice and Procedure, the attached brief (excluding the parts excluded by rule) contains fewer than 3125 words.

This 31st day of May, 2022.

 /s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel, Valerie Bateman (valerie@newsouthlawfirm.com).

This 31st day of May, 2022.

/s/ Kenzie M. Rakes
Kenzie M. Rakes
Assistant Attorney General
