IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARTHA HOELZER and all similarly situated individuals, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:20CV1072 ) ) |
| THE BOARD OF GOVERNORS OF THE UNIVERSITY OF NORTH CAROLINA., *et al.*, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On March 31, 2022, this Court issued its Memorandum Opinion and Order granting in part and denying in part University and Individual Defendants' Motion to Dismiss. (ECF No. 24 at 33–34.) The only claim by Plaintiff Martha Hoelzer which remains in this action is her due process claim arising under 18 U.S.C. § 1983 against Defendant Daniel Lebold, a University of North Carolina at Chapel Hill employee, in his individual capacity. (*Id.* at 15, 34.) Before the Court are two motions: Defendant Lebold's Motion for Judgment on the Pleadings, (ECF No. 27), and Plaintiff Hoelzer's Motion to Certify Class and Appoint Class Counsel, (ECF No. 29). For the reasons stated herein, Defendant's motion will be granted, and Plaintiff's motion will be denied.

**I.    BACKGROUND**

Plaintiff Martha Hoelzer is a former employee of the University of North Carolina at

Chapel Hill ("UNC-CH"), who worked for the university off and on from 2002 until her termination on February 22, 2019. (ECF No. 4 ¶¶ 20, 135.)

In December 2015, Plaintiff sought a new position with the UNC Global Organization ("UNC Global") as a development officer. (*Id.* ¶ 25.)

On May 31, 2016, Plaintiff was informed that she received the UNC Global development position, and on August 29, 2016, began her new role as a full-time employee at UNC Global. (*Id.* ¶¶ 49, 52.) At that time, Plaintiff was informed that "she was exempt from the protections of the State Human Resources Act." (*Id.* ¶ 52.)

Despite various health issues from previous head injuries, in June 2017, Plaintiff received an overall positive review during her year-end review. (*Id.* ¶ 69.) Likewise, on January 22, 2018, Plaintiff received another positive mid-year review from her supervisor, Defendant Lebold. (*Id.* ¶ 81.)

Soon after her mid-year review, Plaintiff experienced another head injury. (*Id.* ¶¶ 84–85.) As a result of that injury, from February 14, 2018, until April 4, 2018, Plaintiff was out on continuous full-time FMLA leave. (*Id.* ¶ 87.) Upon returning to work, Plaintiff worked a modified, part-time work schedule, later transitioning to only taking intermittent FMLA leave for medical appointments. (*Id.* ¶¶ 107–09.)

On June 8, 2018, Plaintiff met with Defendant for her year-end review. (*Id.* ¶ 110.) During this meeting, Defendant informed her that "she was not meeting expectations for the job, that he understood she was working hard, but perhaps the current role was not the best fit." (*Id.* ¶ 111.)

Plaintiff later "inquired about the possibility of finding another position at [UNC-CH]

2

that would be more accommodating of her brain injury and FMLA needs." (*Id.* ¶ 117.) On February 12, 2019, Plaintiff was informed by the ADA office "that her department had denied a request to allow her to move to positions within her department and that as a result, she could look for positions in other departments with UNC-CH." (*Id.* ¶ 133.)

On February 22, 2019, Plaintiff met with Defendant Lebold and was informed "that she was an 'at will' employee and that her employment was ending." (*Id.* ¶ 135.)

## II. STANDARD OF REVIEW

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where the case turns on a legal question and the pleadings demonstrate that the moving party is entitled to judgment as a matter of law." *Fed. Ins. Co. v. S. Lithoplate, Inc.*, 7 F. Supp. 3d 579, 583 (E.D.N.C. 2014). Such a motion is generally analyzed "under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). "The court assumes the facts alleged by the nonmoving party are true" and draws all reasonable inferences in favor of the nonmoving party. *Lithoplate*, 7 F. Supp. 3d at 583. Like a Rule 12(b)(6) motion, a "Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014).

However, unlike when deciding a Rule 12(b)(6) motion to dismiss, the Court, when deciding a motion for judgment on the pleadings, may consider the answer. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). The Court may also consider any

3

documents incorporated by reference in the pleadings. *Blue Rhino Glob. Sourcing, Inc. v. Well Traveled Imports, Inc.*, 888 F. Supp. 2d 718, 721 (M.D.N.C. 2012). Factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Jadoff v. Gleason*, 140 F.R.D. 330, 331 (M.D.N.C. 1991). "To survive a motion for judgment on the pleadings, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Conner v. Cleveland County*, 22 F.4th 412, 420 (4th Cir. 2022) (quoting *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021)).

**III.  DISCUSSION**

After this Court's order on March 31, 2022, (ECF No. 24), the only remaining claim in this lawsuit was Plaintiff's § 1983 claim against Defendant Lebold. Plaintiff alleges a deprivation of her constitutional rights by Defendant's firing her without adequate procedural due process. (ECF No. 4 ¶ 152.) Plaintiff maintains that she "was improperly classified as exempt from the State Human Resources Act" upon her hiring with UNC Global in 2016, that she "had a property interest in her employment due to her status as a career state employee," and that her termination deprived her of that property without due process. (*Id.* ¶¶ 150–52.)

In his motion for judgment on the pleadings, Defendant argues that he is entitled to qualified immunity and thus Plaintiff's remaining claim must be dismissed as matter of law. (ECF No. 28 at 4.) Defendant maintains that "it was not clearly established under the circumstances faced by Lebold that terminating Hoelzer would violate her due process rights in a protected property interest." (*Id.* at 8.) Defendant emphasizes Plaintiff's admission that she received notification upon taking the position that she was exempt from the State Human Resources

4

Act. (ECF No. 36 at 2.) Thus, Defendant maintains, a reasonable official would not think Plaintiff had any right in continued employment. (*Id.*)

In her response, Plaintiff argues that "Defendant's reliance on a classification of Plaintiff as exempt based on a BOG policy manual was not reasonable," and further that "there is no colorable argument that at the time of her discharge that Plaintiff . . . was exempt." (ECF No. 34 at 2.) Plaintiff maintains that North Carolina law "regarding the definition of a Career State employee was clearly established in 2016 and in 2019 at the time the constitutional injury occurred." (*Id.*)

"Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) (quoting *Wilson v. Layne*, 526 U.S. 603, 609 (1999)). Government officials are entitled to qualified immunity unless a § 1983 claim satisfies a two-prong test: "(1) the allegations underlying the claim, if true, substantiate the violation of a federal statutory or constitutional right; and (2) this violation was of a 'clearly established' right 'of which a reasonable person would have known.'" *Id.* (quoting *Mellen v. Bunting*, 327 F.3d 355, 365 (4th Cir. 2003)).

Under the qualified immunity test, the first question is whether Hoelzer has sufficiently alleged the violation of a Fourteenth Amendment right. *Id.* at 307. The next question is whether, at the time of Defendant Leopold's alleged conduct, this right was a clearly established one of which a reasonable person would have known. *Id.* at 313.

5

As to the first question, the parties do not dispute that career State employees have a protected property interest in continued employment and that exempt State employees do not. (ECF Nos. 34 at 6; 36 at 1.) As already stated in its March 22 order, (ECF No. 24), this Court found that based on her Complaint, Plaintiff plausibly alleged that she was a career State employee at the time of her termination, (*id.* at 13–14). Plaintiff therefore has sufficiently alleged a violation of her Fourteenth Amendment right and satisfies the first prong of the qualified immunity test.

Turning to the second question of the qualified immunity test, the Court must assess whether the Fourteenth Amendment right allegedly contravened by Defendant Lebold was a "clearly established" right "of which a reasonable person would have known." *Ridpath*, 447 F.3d at 313 (quoting *Mellen*, 327 F.3d at 365). For the following reasons, the Court finds that such right was not clearly established, and that Defendant is entitled to qualified immunity.

The Supreme Court in *Hope v. Pelzer*, 536 U.S. 730 (2002) explained that a constitutional right is clearly established when "its contours '[are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" 536 U.S. at 739. Specifically, "in the light of pre-existing law the unlawfulness must be apparent." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). However, "the very action in question [need not have] previously been held unlawful," *id.*, and "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question," *id.* at 741 (quoting *United States v. Lanier*, 520 U.S. 259, 271 (1997)). The "salient question" is whether the state of the law at the time of the events in question gave the officials "fair warning" that their conduct was unconstitutional. *Id.*; *Ridpath*, 447 F.3d at 313. To determine if a principle

6

Case 1:20-cv-01072-LCB-LPA   Document 37   Filed 03/13/23   Page 6 of 10

is clearly established, the principle must be evaluated in "the specific context of the case," not at "a high level of generality." *Allen v. Cooper*, 895 F.3d 337, 356 (4th Cir. 2018) (quoting *Adams v. Ferguson*, 884 F.3d 219, 226–27 (4th Cir. 2018)).

In evaluating whether Plaintiff's due process right was clearly established in this specific context, it is necessary for the Court to look to Plaintiff's job classification. Because the ultimate issue is whether Defendant Lebold should have known that he could not terminate Plaintiff, it is relevant whether Defendant's initial classification of Plaintiff's position as exempt from the State Human Resources Act was reasonable.

Plaintiff concedes that she was notified that her position was exempt from the State Human Resources Act upon her hiring in August 2016. (ECF Nos. 4 ¶ 52; 34 at 2.) The State Human Resources Act exempts individuals from the designation of career State employee if one of the exceptions laid out in section 126-5 of the North Carolina General Statutes applies. One such exception includes "[e]mployees whose salaries are fixed under the authority vested in the Board of Governors of The University of North Carolina by the provisions of G.S. 116-11(4), 116-11(5), and 116-14." N.C. Gen. Stat. § 126-5(c1)(9). Relatedly, section 116-11(5) allows the Board of Governors to "fix the compensation of all . . . senior academic and administrative officers."

While the statute does not define "senior academic and administrative officers," a UNC Board of Governors Policy Manual ("UNC BOG Policy Manual") defines "senior academic and administrative officers" to include "'officers of the University having significant administrative responsibilities and duties,' as may be designated by the President, subject to

confirmation by the board."[1] UNC BOG Policy Manual § 300.1.2(3). The policy manual further defines "other officers of the University having significant administrative responsibilities and duties" to include "positions whose primary responsibility is to attract external funds for and/or to market the University." *Id.* § 300.1.2(3)(C).

Plaintiff's Complaint does not clearly articulate the functions of her job with UNC Global, but as this Court noted, it is reasonable to "infer that some of the essential functions of her job include: fundraising, planning events, and sending out the [Chancellor's Global Education Fund] fall appeal." (ECF No. 24 at 19.) Given that a key aspect of Plaintiff's position involved fundraising for the University, it is reasonable that Defendant Lebold would have classified Plaintiff as an exempt State employee given UNC BOG policy. Notably, Plaintiff does not point to any cases which specifically address her claim that her position with UNC Global fell outside the exempt category of "positions whose primary responsibility is to attract external funds for and/or to market the University." UNC BOG Policy Manual § 300.1.2(3)(C).

Further, the State Human Resources Act permits employees to challenge their exempt designation. N.C. Gen. Stat. § 126-5(h). There is no indication that Plaintiff exercised that right upon receiving notification in August 2016 that she was exempt. (ECF No. 36 at 5.)

---

[1] Plaintiff argues that the Court cannot consider the UNC BOG Policy Manual because it was not explicitly referenced in the Complaint or Answer. (ECF No. 34 at 18–19.) The Court disagrees. Both the Complaint and Answer refer to policies created by the Board of Governors as relevant to Plaintiff's job classification. (ECF Nos. 4 ¶¶ 7, 150; 25 ¶ 7.) The UNC BOG Policy Manual is thus integral to the allegations contained in the Complaint, sufficiently incorporated by reference in the pleadings, and properly considered here. *See Thomasson v. Greensboro News & Rec., Inc.*, No. 19-CV-1164, 2020 WL 5821045, at *2 (M.D.N.C. Sept. 30, 2020).

This fact further supports that Defendant Lebold would not reasonably understand his conduct was unconstitutional.

In sum, the Court finds that it was not clearly established, under the circumstances faced by Defendant Lebold, that terminating Plaintiff would violate her due process rights in a protected property interest. Given the specific context of this case, the Court does not find that the state of the law at the time of the events in question gave Defendant Lebold "fair warning" that his conduct was unconstitutional. Defendant Leopold is thus entitled to qualified immunity. Plaintiff's claim must therefore be dismissed.

There being no remaining claims in this suit, Plaintiff's Motion to Certify Class and Appoint Class Counsel, (ECF No. 29), is denied as moot.[2]

For the reasons stated herein, the Court enters the following:

**ORDER**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings, (ECF No. 27), is **GRANTED**.

---

[2] The Court also notes that Plaintiff's Motion to Certify Class and Appoint Class Counsel comes dangerously close to running afoul of Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(b)(2) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ."). Plaintiff filed this class-certification motion *after* the Court issued its order on March 31, 2022, dismissing all parties and claims in this lawsuit except for the single due process claim against Defendant Leopold in his individual capacity. Nonetheless, Plaintiff asks this Court to certify a class composed of all former employees of all sixteen constituent institutions of the University of North Carolina who were terminated and improperly classified as exempt state employees. (ECF Nos. 29; 30 at 1–4.) Neither the University of North Carolina nor any of its sixteen constituent institutions are parties to this lawsuit. The Court reiterates that at the time Plaintiff's motion was filed on May 2, 2022, the only remaining defendant was Daniel Lebold, an employee of UNC-CH, in his individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Class and Appoint Class Counsel, (ECF No. 29), is **DENIED**. This action is hereby **DISMISSED**.

A Judgment will be filed contemporaneously with this Memorandum Opinion and Order.

This, the 13th day of March 2023.

/s/Loretta C. Biggs
United States District Judge